# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# TARRANT COUNTY DIVISION

| | | |
|---|---|---|
| CAMERINA TINAJERO | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| MEMBER'S BUILDING | § | |
| MAINTENANCE GP, LLC, AND | § | |
| EFFICIENT FACLITIES | § | |
| INTERNATIOANL, INC. | § | |
| | | |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Camerina Tinajero files this Original Complaint against Defendant Member's Building Maintenance GP, LLC, and Defendant Efficient Facilities International, Inc., (collectively referred to as "Defendants or Member's"), for violations of federal law. The causes of action and summary of claims are addressed below:

### I. PARTIES

1. Plaintiff Camerina Tinajero ("Plaintiff" or "Tinajero") is an individual who resides in this judicial district, and was employed by Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C § 201 *et. seq.* ("FLSA"). She hereby consents to be a party in this action and her consent form is attached as "Exhibit A" to this Original Complaint.

5. Defendant Member's Building Maintenance GP, LLC, ("MBM"), is a corporation authorized to do business, and is doing business, in Texas, and can be served through its registered agent for service, Odes H. Kim, 11363 Denton Dr., Ste.127, Dallas, TX 75229.

6. Defendant Efficient Facilities International, Inc., ("Efficient"), is a corporation authorized to do business, and is doing business, in Texas, and can be served through its registered agent for service, Steven E. Willis, 753 Port America Place, Ste. 205, Grapevine, TX 76051.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction to adjudicate the merits of Plaintiff's claims per 28 U.S.C. §§1331 & 1343.

8. Venue is proper in the District of Texas because the events forming the basis of the suit occurred in this District, and one or more of the parties reside in this District. Venue exists in this district as detailed in 28 U.S.C. §1391.

## III. FLSA COVERAGE

9. At all times hereinafter mentioned, Defendants have both been considered an "employer" within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendants have both been considered an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendants have both been considered an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. In addition, said enterprise has had an annual gross volume of sales made, or business done, of not less than $500,000.00, (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

13. Plaintiffs were employed by Defendants within the applicable statute of limitations.

## IV. FACTUAL BACKGROUND

14. Defendants are both companies that provide janitorial/cleaning services to commercial customers. Prior to August of 2016, Plaintiff worked for MBM at various schools in the Jacksboro Independent School District ("JISD"); however, in August of 2016 Efficient took over that work and Plaintiff became employed by them working for these same JISD schools.

15. During the last three years of Plaintiff's employment with Defendants working at JISD facilities, Plaintiff was paid by Defendants on an hourly basis, but she was not paid time and one half her regular rate for all hours worked over 40 hours in a week. Instead, Plaintiff was only paid her regular rate. In addition, Plaintiff was not paid for the time spent traveling between the different schools. In essence, Plaintiff was regularly required to work "off-the-clock" on Defendant's behalf, and was not paid according to the requirements of the FLSA.

## V. CAUSES OF ACTION

### FAILURE TO PAY WAGES IN VIOLATION OF THE FLSA

16. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1 through 15 as if fully stated herein.

17. During the relevant period, Defendants were aware that they were required under the FLSA to pay for all time they required Plaintiff to work, and overtime for hours worked over 40 hours per week, but Defendants willfully, (and not in good faith), ignored the law. Defendants knowingly, willfully, and with reckless disregard, carried out its illegal pattern or practice of (a) failing to pay Plaintiff overtime wages, and (b) failing to pay Plaintiff for all hours worked. This violates the FLSA, including 29 U.S.C. §§ 207 and 215(a)(2).

# VI.     PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial, Plaintiffs have judgment against Defendants as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b. For an Order awarding Plaintiffs their attorneys' fees and court costs;

c. An order that Defendants take such other and further actions as may be necessary to redress Defendants' violations, including injunctive relief;

d. Pre-judgment and post-judgment interest at the maximum amount allowed by law; and

e. The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled, and any other relief requested in this Complaint.

Respectfully submitted by:

**/s/ Robert (Bobby) Lee**
Robert (Bobby) Lee
State Bar No. 00787888
lee@l-b-law.com
Meagan Whitley
State Bar No. 24088629
whitley@l-b-law.com
LEE & BRAZIEL, LLP
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel: (214) 749-1400
Fax: (214) 749-1010

**ATTORNEYS FOR PLAINTIFFS**

Exhibit A

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the overtime lawsuit in which this consent is filed.

_Camerina Tinajero_  2/6/17
Signature                                                   Date

_Camerina Tinajero_
Printed Name